IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL CHAD PERKINS,

    Plaintiff

CIVIL NO. 3:09CV552(RLW)

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:   David N. Anthony, Registered Agent
1001 Haxall Point
Richmond, VA 23219

and

TRANS UNION, LLC.

SERVE:   Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, VA 23218

and

SALLIE MAE, INC.

SERVE:   Secretary of the Commonwealth
1111 East Broad Street
4th Floor
Richmond, VA 23219,

    Defendants

## COMPLAINT

COMES NOW the Plaintiff, **MICHAEL CHAD PERKINS**, (hereafter collectively the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and for the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. ALL but one of the Defendant's registered agents are within the Richmond division.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TRANS UNION, LLC. ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, Sallie Mae, Inc. (hereinafter "*Sallie Mae*") is a furnisher and user of consumer reports as defined and governed by the Fair Credit Reporting Act.

## FACTS

11. On or about April 2008, Plaintiff learned that he had been the victim of a forgery by his ex-wife concerning several student loans with Sallie Mae and subsequently filed a Incident Report with the Police Department on or about April 21, 2008.

12. Plaintiff began disputing the accounts directly with Sallie Mae during the month of April 2008 and has continued to dispute these accounts on numerous occasions directly with Sallie Mae since that time.

13. Prior to, on or about and after July, 2008 Plaintiff obtained a copy of his *Trans Union* credit report and learned that it was reporting two fraudulent Sallie Mae student loan accounts for which Plaintiff was not responsible.

14. On or about July 11, 2008 Plaintiff disputed the Sallie Mae accounts with *Trans Union* via Trans Union's on-line dispute process.

15. On or about July 31, 2008, *Trans Union* responded to Plaintiff's dispute acknowledging notice of same and stating that *Trans Union* had verified that disputed Sallie

Mae accounts belonged to the Plaintiff and that both of the accounts were reporting a 30 day late payment status.

16. On or about September 23, 2008 Plaintiff obtained a copy of his credit report from *Experian* and learned that it was reporting the two fraudulent Sallie Mae student loan accounts for which Plaintiff was not responsible.

17. On or about October 10, 2008 Plaintiff forwarded a dispute letter to *Experian* disputing the fraudulent Sallie Mae accounts and further advised that the accounts had been fraudulently opened by his ex-wife.

18. On or about October 23, 2008, *Experian* responded to Plaintiff's dispute. *Experian* was now only reporting one of the disputed Sallie Mae accounts with a derogatory past due status. *Experian* advised the Plaintiff to contact the creditor regarding the account.

19. The Sallie Mae Reporting was false. The Plaintiff never signed the applications for credit and was never legally responsible for repayment of the accounts.

20. Defendants each received, but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the Sallie Mae accounts from the Plaintiff's credit file.

21. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the two fraudulent accounts.

22. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, *Experian* and *Trans Union* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

23. Upon information and belief, Plaintiff alleges that on one or more occasions *Experian* and *Trans Union* each forwarded Plaintiff's disputes to *Sallie Mae*. Upon information

and belief, *Sallie Mae* was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EXPERIAN and TRANS UNION)

24. The Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

26. As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered actual damages.

27. Defendants' conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

28. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(1)
### (EXPERIAN and TRANS UNION)

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

31. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages.

32. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering Defendants, *Experian* and *Trans Union* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

33. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(2)
### (EXPERIAN and TRANS UNION)

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to *Sallie Mae* all relevant information regarding the Plaintiff's dispute.

36. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages.

37. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering Defendants, *Experian* and *Trans Union* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. 1681i(a)(4)
### (EXPERIAN and TRANS UNION)

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

41. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages.

42. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering Defendants, *Experian* and *Trans Union* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN and TRANS UNION)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45. Defendants, *Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

46. As a result of the conduct, actions and inactions of Defendants, *Experian* and *Trans Union*, the Plaintiff suffered actual damages.

47. Defendants, *Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering Defendants, *Experian* and *Trans Union* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, *Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
### (SALLIE MAE)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Sallie Mae* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the Sallie Mae representations.

51. As a result of this conduct, action and inaction of *Sallie Mae*, the Plaintiff suffered actual damages.

52. *Sallie Mae*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Sallie Mae* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Sallie Mae* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (SALLIE MAE)

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, *Sallie Mae* violated the Fair Credit Reporting Act, 15

U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

56. As a result of this conduct, action and inaction of *Sallie Mae*, the Plaintiff suffered actual damages.

57. *Sallie Mae*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Sallie Mae* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Sallie Mae* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(C) and (D)
## (SALLIE MAE)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, *Sallie Mae* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Sallie Mae* representations within Plaintiff's credit file with Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

61. As a result of this conduct, action and inaction of *Sallie Mae*, the Plaintiff suffered actual damages.

62. *Sallie Mae*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Sallie Mae* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Sallie Mae* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

MICHAEL CHAD PERKINS,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
lenbennett@clalegal.com